Vijay K. Toke, Cal. Bar No. 215079
*vijay@hiaringsmith.com*
Anne Hiaring Hocking, Cal. Bar No. 88639
*anne@hiaringsmith.com*
Elizabeth J. Rest, Cal. Bar No. 244756
*elizabeth@hiaringsmith.com*
HIARING + SMITH, LLP
101 Lucas Valley Road, Suite 300
San Rafael, California 94903
Telephone:  (415) 457-2040
Facsimile:  (415) 457-2822

Attorneys for Plaintiff,
AIRWAIR INTERNATIONAL LTD.

Robert N. Phillips, Cal. Bar No. 120970
*robphillips@reedsmith.com*
Tiffany M. Bui, Cal. Bar No. 281339
*tbui@reedsmith.com*
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone:  (415) 543-8700
Facsimile:  (415) 391-8269

Attorneys for Defendant,
VANS, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a United Kingdom corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>VANS, INC., a Delaware corporation; DOES 1-100, inclusive,<br><br>              Defendants. | Case No. 12-cv-05060-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>**Complaint Filed:** September 28, 2012<br><br>Date:   February 8, 2013<br>Time:   10:00 a.m.<br>Place: Courtroom 4 – 5th Floor<br><br>Honorable Edward J. Davila |

Plaintiff AIRWAIR INTERNATIONAL LTD., a United Kingdom corporation ("AirWair" or "Plaintiff") and Defendant VANS, INC., a Delaware corporation ("Vans" or "Defendant") have conferred pursuant to Federal Rule of Civil Procedure 26(f). As a result of that conference, AirWair and Vans submit this joint Case Management Conference ("CMC") Statement and [Proposed] Order pursuant to Federal Rule of Civil Procedure 26 (f)(2), L. R. 16-9 and this Court's Standing Order for All Judges of the Northern District of California dated July 1, 2011:

1. <u>Jurisdiction & Service</u>

AirWair contends that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Lanham Act (15 U.S.C. § 1121), in that this case arises under the trademark laws of the United States. AirWair further contends that jurisdiction also arises for the state law claims herein under 28 U.S.C. Section 1367(a) pursuant to the principles of supplemental jurisdiction. Defendant Vans denies that subject matter jurisdiction exists for any of Plaintiff's claims, and has filed a motion to dismiss, which is set for hearing on March 29, 2013. Vans, however, does not contest either personal jurisdiction or venue before this Court. At this time, all parties have been served and Plaintiff AirWair does not anticipate naming or serving any additional parties unless additional facts learned in discovery reveal additional parties or reasons to add another party (whether currently known or unknown) into the litigation.

2. <u>Facts</u>

Plaintiff AirWair contends that sometime in 2011 it became aware of shoes being sold under the VANS trademark in Japan that AirWair alleges illegally incorporated protected trade dress of AirWair, which trade dress has been registered in the United States with the United States Patent and Trademark Office ("USPTO"), and which is confusingly similar to AirWair's Eclectic line of shoes. The VANS-branded footwear at issue in this case is a line of footwear called the "Gibson," which includes various shoe and boot models (the "accused shoes"). AirWair contends that the accused shoes were sold through the www.vansjapan.com website, and that such website is owned by and registered to Defendant Vans in the United States. The accused shoes were also featured in articles by at least two American blogs and publications

aimed at American consumers. In January, 2012, AirWair discovered that there were 11,000 pairs of the accused shoes remaining in inventory, and that Defendant's licensee was continuing to sell the accused shoes. AirWair requested that Vans immediately stop selling the accused shoes and to either destroy or return to AirWair the remaining inventory of the accused shoes. AirWair was able to purchase two pairs of the infringing shoes over the Internet from third-party resellers in July, 2012 and in October of 2012, filed the within suit for infringement against Vans. AirWair contends that an appreciable number of the shoes were purchased by American consumers, thereby having a substantial effect on U.S. commerce, and damaging AirWair. AirWair also contends that Vans's failure to induce the cessation of sales of the accused shoes, over AirWair's protest, further implicates US commerce.

Vans contends that the accused shoes, known as Vans Gibson shoes, were designed and manufactured by Vans' licensee for sale in Asia, and were clearly identified as VANS brand shoes. Vans further contends that the Vans Gibson shoes were lawful and did not infringe any trademark rights of AirWair in the Asian countries where they were being sold or in the United States. Vans denies that the sale of the Vans Gibson shoes in retail stores in Asia and over a Japanese website operated and controlled by Vans' Asia licensee (1) had a substantial effect on commerce in the United States, (2) caused any likelihood of confusion between the Vans and Dr. Martens brands, (3) caused any likelihood of dilution of the Dr. Martens brand, or (4) caused any actual damages to AirWair.

3. <u>Legal Issues</u>

    a) Whether AirWair has protectable trade dress that can be enforced against Vans;

    b) Whether the Lanham Act may be applied extraterritorially in this case;

    c) Whether the accused shoes infringe AirWair's trade dress (*i.e.*, whether there is a likelihood of confusion between AirWair's trade dress and that used on the accused shoes), either under 15 U.S.C. Section 1125, 15 U.S.C. Section 1114, and/or the common law;

    d) Whether Vans is liable as a direct, contributing, or vicarious infringer

under the referenced code sections and common law;

  e) Whether AirWair is entitled to damages for any such infringement and, if so, for what amount;

  f) Whether AirWair is entitled to injunctive relief for such infringement and, if so, in what form;

  g) Whether the accused shoes dilute AirWair's trade dress under 15 U.S.C. Section 1125 or under California State law (Cal. Bus. & Prof. Code Section 14202 and 14247);

  h) Whether Vans is liable for dilution of AirWair's trade dress under a direct, contributory, or vicarious theory under the referenced code sections;

  i) Whether AirWair is entitled to damages for any such dilution and, if so, for what amount;

  j) Whether AirWair is entitled to injunctive relief for such dilution and, if so, in what form;

  k) Whether Vans is liable for unfair business practices under California Bus. & Prof. Code Section 17200 and/or under the common law;

  l) Whether AirWair is entitled to damages for any such unfair business practices and, if so, for what amount under the referenced code section or common law; and

  m) Whether AirWair is entitled to injunctive relief for such unfair business practices and, if so, in what form under the referenced code section or common law.

4. <u>Motions</u>

Vans filed a motion to dismiss the complaint, which is scheduled to be heard on March 29, 2013.  The parties have stipulated to a modified briefing schedule, with AirWair's opposition due on February 8, 2013, and Vans' reply due on March 1, 2013.  The Court issued an order consistent with that stipulation.  Vans also anticipates that it may file a motion for summary judgment on the issues of no likelihood of confusion, no damages, and/or no subject matter jurisdiction.  The parties believe there may be discovery disputes requiring law and motion.

5. <u>Amendment of Pleadings</u>

The parties agree to a cutoff of 60 days after the last responsive pleading is filed by Defendant Vans for adding any additional parties.  However, AirWair reserves the right to seek leave of Court to add additional parties after such deadline if, through the discovery process, AirWair learns of currently unknown parties that should be added to this action or of facts that warrant the addition of parties already known to Plaintiff.

6. <u>Evidence Preservation</u>

Counsel has discussed evidence preservation issues and reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The parties are aware of their duties to preserve evidence and evidence is being preserved.

7. <u>Disclosures</u>

The parties intend to comply with the initial disclosure requirements of Fed. R. Civ. P. 26 and have agreed to an exchange date of February 6, 2013.

8. <u>Discovery</u>

The parties do not anticipate that any special exceptions will be required dispensing with the limitations on discovery set forth in Federal Rule of Civil Procedure 26.  Depositions will be required on both sides.

Defendant Vans has propounded a set of interrogatories, requests for production, and requests for admissions, answers to which are due in late February, 2013.  Plaintiff is preparing discovery requests that will be served in due course.

9. <u>Class Actions</u>

N/A.

10. <u>Related Cases</u>

None.

11. <u>Relief</u>

Damages in an amount to be proven at trial; injunctive relief prohibiting the sale of products incorporating the trade dress of AirWair worldwide.

///

12. Settlement and ADR

The parties have informally discussed settlement but have reached no resolution. Vans requests referral to Magistrate Judge Spero for a Settlement Conference. AirWair would prefer private mediation. Regardless of the form of ADR ultimately approved by the Court, the parties believe no fruitful ADR can take place prior to a ruling on Vans' pending motion to dismiss, scheduled to be heard on March 29, 2013, and the completion of initial discovery.

13. Consent to Magistrate Judge For All Purposes

_____ YES __X__ NO

The parties did not consent to have a Magistrate Judge preside over the entire case, including trial.

14. Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

The parties do not believe the issues can be narrowed at this early point in the case.

16. Expedited Trial Procedure

The parties do not believe this case is appropriate for expedited trial procedure. AirWair, in particular, asserts this fact because it anticipates some overseas discovery, which will be time consuming.

17. Scheduling

The parties propose the following discovery and court dates:

| | |
|---|---|
| Fact Discovery Cutoff: | December 31, 2013 |
| Expert Reports: | February 28, 2014 |
| Rebuttal Expert Reports: | March 31, 2014 |
| Expert Discovery Cut-off: | April 30, 2014 |
| Last Date to File Dispositive Motions: | May 30, 2014 |
| Final Pretrial Conference Date: | August 31, 2014 |
| Trial Date: | September 15, 2014 |

18. <u>Trial</u>

The parties request a jury trial, which the parties expect will run five to seven court days.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

a) Plaintiff filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16, stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  R. Griggs Group Ltd., a company organized under the laws of England and Wales.

b) Defendant has filed a Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16 stating that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:  ABC-Mart, Inc., ABC-Mart Taiwan, Inc., and ABC-Mart Korea, Inc.

20. <u>Other</u>

None.

/////

**SIGNATURE PAGE TO FOLLOW**

Jointly submitted this 1st day of February, 2013.

|  |  |  |
|---|---|---|
| Dated: February 1, 2013 | By: | **HIARING + SMITH, LLP**<br>/Vijay K. Toke/<br>Vijay K. Toke<br>*vijay@hiaringsmith.com*<br>Anne Hiaring Hocking<br>*anne@hiaringsmith.com*<br>Elizabeth J. Rest<br>*elizabeth@hiaringsmith.com*<br>101 Lucas Valley Road, Suite 300<br>San Rafael, California 94903<br>Telephone:  (415) 457-2040<br>Facsimile:   (415) 457-2822<br><br>*Attorneys for Plaintiff*<br>AIRWAIR INTERNATIONAL LTD. |
| Dated: February 1, 2013 | By: | **REED SMITH LLP**<br>/Robert N. Phillips/<br>Robert N. Phillips, Cal. Bar No. 120970<br>*robphillips@reedsmith.com*<br>Tiffany M. Bui, Cal. Bar No. 281339<br>*tbui@reedsmith.com*<br>101 Second Street, Suite 1800<br>San Francisco, California 94105-3659<br>Telephone:  (415) 543-8700<br>Facsimile:   (415) 391-8269<br><br>*Attorneys for Defendant*<br>VANS, INC. |

### ATTESTATION OF CONCURRENCE

I, Vijay K. Toke, attest that I am one of the attorneys for Plaintiff AIRWAIR INTERNATIONAL LTD., a United Kingdom corporation, and, as the ECF user and filer of this document, I attest that, pursuant to United States District Court, Northern District of California Civil L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained from Robert N. Phillips, the above signatory.

Dated: February 1, 2013        By:    /Vijay K. Toke/
                                              Vijay K. Toke

# [PROPOSED] ORDER

The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____

HONORABLE EDWARD J. DAVILA
UNITED STATES DISTRICT COURT JUDGE