1  Robert N. Phillips (SBN 120970)
   *robphillips@reedsmith.com*
2  Dominique H. Pietz (SBN 260716)
   *dpietz@reedsmith.com*
3  REED SMITH LLP
   101 Second Street
4  Suite 1800
   San Francisco, CA 94105-3659
5  Telephone: (415) 543-8700
   Facsimile: (415) 391-8269
6
   Attorneys for Defendant
7  VANS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a United Kingdom corporation,<br><br>                Plaintiff,<br><br>       vs.<br><br>VANS, INC., a Delaware corporation; DOES 1- 100, inclusive,<br><br>                Defendants. | Case No.: CV 12-05060-EJD<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>Honorable Edward J. Davila |

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. CV 12-5060-EJD

Defendant Vans, Inc. ("VANS") answers the complaint ("Complaint") of Plaintiff Airwair International Ltd. ("AIRWAIR") as follows:

1. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis denies them.

2. VANS admits that it is incorporated in the state of Delaware, and that its principal place of business is in Cypress, California. VANS admits that it markets, distributes and sells certain items of footwear and clothing in the United States and in other countries. VANS denies the remaining allegations in Paragraph 2 of the Complaint.

3. VANS denies that this Court has subject matter jurisdiction over the claims brought by AIRWAIR and denies the remaining allegations in Paragraph 3 of the Complaint.

4. VANS admits that this Court has personal jurisdiction over VANS and that VANS has conducted business in this district. VANS denies the remaining allegations in Paragraph 4 of the Complaint.

5. VANS admits that the assignment of this action on a district-wide basis is appropriate. VANS denies the remaining allegations in Paragraph 5 of the Complaint.

6. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis denies them.

7. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies them.

8. VANS admits that AIRWAIR has attached what appear to be trademark registration certificates as Exhibits 1 through 6 to the Complaint. However, VANS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and on that basis denies them.

9. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies them.

10. VANS admits that AIRWAIR has attached images of footwear as Exhibits 7, 8 and 9 to the Complaint. VANS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and on that basis denies them.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

11. VANS admits that AIRWAIR has attached images of footwear as Exhibit 10 to the Complaint. VANS denies the allegations in Paragraph 11 of the Complaint.

12. VANS admits that it has been manufacturing, distributing, and selling footwear in the United States under its VANS® trademark since the 1960s and that it is the owner of several trademark registrations in the U.S. and abroad for the VANS® trademark for various goods, including footwear and clothing. VANS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and on that basis denies them.

13. VANS admits that it directly manufactures, distributes, and sells footwear and other products, and licenses rights to third parties to manufacture, market, and sell products under the VANS® trademark. VANS admits that one of its licensees is a Japan-based company engaged largely in the business of selling shoes and that this licensee sells its products in brick-and-mortar stores, as well as on the Internet. VANS admits that the aforementioned licensee licensed from VANS the rights to design, manufacture, market and sell products bearing the VANS® trademark. VANS denies each and every remaining allegation in Paragraph 13.

14. VANS admits that its license with ABC-Mart, Inc. ("ABC") calls for the payment of license fees to VANS and that under that license, Vans had the right to approve the designs, specifications and samples for each licensed product. VANS denies each and every remaining allegation in Paragraph 14.

15. VANS admits that it entered into a licensing agreement with ABC and that ABC designed, manufactured, and sold various footwear under the VANS® trademark. VANS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint and on that basis denies them.

16. VANS denies each and every allegation in Paragraph 16.

17. VANS denies each and every allegation in Paragraph 17.

18. VANS admits that ABC designed, manufactured, marketed and sold a line of footwear called the Gibson, which includes various shoe and boot models, and admits that VANS has attached images of what appears to be the "Gibson" line of footwear as Exhibit 11 to the

Complaint. VANS admits that an image of footwear and a receipt appears to be attached to the Complaint as Exhibit 12. VANS denies each and every remaining allegation in Paragraph 18.

19. VANS admits that its license with ABC gives Vans the right to approve the designs, specifications and samples for each licensed product. VANS denies each and every remaining allegation in Paragraph 19.

20. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and on that basis denies them.

21. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and on that basis denies them.

22. VANS admits it purchased footwear from the "Gibson" line from ABC for sale in VANS stores in China and Hong Kong. VANS denies each and every remaining allegation in Paragraph 22.

23. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and on that basis denies them.

24. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies them.

25. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and on that basis denies them.

26. VANS denies each and every allegation in Paragraph 26 of the Complaint.

27. VANS denies each and every allegation in Paragraph 27 of the Complaint.

28. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and on that basis denies them.

29. VANS admits that it received a letter dated November 30, 2011 from AIRWAIR. VANS denies each and every remaining allegation in Paragraph 29 of the Complaint.

30. VANS admits that in a privileged and confidential settlement communication dated January 6, 2012, Helen L. Winslow, General Counsel of VF Intellectual Property Services, Inc. stated that she was investigating the situation addressed in VANS letter dated November 30, 2011. VANS denies each and every remaining allegation in Paragraph 30 of the Complaint.

31. VANS admits that in a privileged and confidential settlement communication dated January 15, 2012, counsel for AIRWAIR, Vijay Toke, stated that as of the afternoon of January 12, 2012, the Gibson model products appeared to be available for sale on www.vansjapan.com/product/index.html.  VANS denies each and every remaining allegation in Paragraph 31 of the Complaint.

32. VANS admits that in a privileged and confidential settlement communication dated January 17, 2012, Ms. Winslow stated that VANS had caused all remaining footwear to be removed from the shelves in China and Hong Kong and had instructed its licensee to remove all of the footwear in question from all shelves in Japan, South Korea and Taiwan and from the vansjapan.com website.  VANS denies each and every remaining allegation in Paragraph 32 of the Complaint.

33. VANS admits that in a privileged and confidential settlement communication email dated January 30, 2012, Mr. Toke inquired as to whether or not the so-called "infringing merchandise" had been destroyed and that in another privileged and confidential settlement communication dated January 31, 2012, Ms. Winslow stated she would respond as soon she had an answer.  VANS denies each and every remaining allegation in Paragraph 33 of the Complaint.

34. VANS admits that in a privileged and confidential settlement communication dated February 10, 2012, Ms. Winslow stated that the VANS licensee intended to sell the products removed from the shelves at a steep discount in a private sale to family members of the business. VANS admits that in a privileged and confidential settlement communication dated February 15, 2012, Mr. Toke stated that this was unacceptable and requested that VANS instruct the licensee to destroy these goods.  VANS denies each and every remaining allegation in Paragraph 34 of the Complaint.

35. VANS admits that it is an American company.  VANS denies each and every remaining allegation in Paragraph 35 of the Complaint.

36. VANS admits that its license with ABC-Mart, Inc. ("ABC") is governed in accordance with the internal substantive laws of California and is subject to exclusive jurisdiction in the courts of the State of California and the Central District of California. VANS denies each and every remaining allegation in Paragraph 36 of the Complaint.

37. VANS admits it owns the URL www.vansjapan.com. VANS denies each and every remaining allegation in Paragraph 37 of the Complaint.

38. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations arising from Exhibit 21 to the Complaint and on that basis denies them. VANS denies each and every remaining allegation in Paragraph 38 of the Complaint.

39. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations arising from Exhibit 22 to the Complaint and on that basis denies them. VANS denies each and every remaining allegation in Paragraph 39 of the Complaint.

40. VANS lacks knowledge or information sufficient to form a belief as to the truth of the allegations arising from Exhibit 23 to the Complaint and on that basis denies them. VANS denies each and every remaining allegation in Paragraph 40 of the Complaint.

41. VANS denies each and every allegation in Paragraph 41 of the Complaint.

42. VANS denies each and every allegation in Paragraph 42 of the Complaint.

43. VANS denies each and every allegation in Paragraph 43 of the Complaint.

44. VANS denies each and every allegation in Paragraph 44 of the Complaint.

45. VANS denies each and every allegation in Paragraph 45 of the Complaint.

## FIRST CLAIM FOR RELIEF

**(Federal Trademark Infringement in Violation of Lanham Act**

**Section 32, 15 U.S.C. § 1114)**

46. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 45, above.

47. VANS denies the allegations of Paragraph 47 of the Complaint.

48. VANS denies the allegations of Paragraph 48 of the Complaint.

49. VANS denies the allegations of Paragraph 49 of the Complaint.

50. VANS denies the allegations of Paragraph 50 of the Complaint.

51. VANS denies the allegations of Paragraph 51 of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin in Violation of Langam Act Section 43(1), 15 U.S.C. § 1125(a))**

52. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 51, above.

53. VANS denies the allegations of Paragraph 53 of the Complaint.

54. VANS denies the allegations of Paragraph 54 of the Complaint.

55. VANS denies the allegations of Paragraph 55 of the Complaint.

## THIRD CLAIM FOR RELIEF

**(Common Law Trade Dress Infringement)**

56. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 55, above.

57. VANS denies the allegations of Paragraph 57 of the Complaint.

58. VANS denies the allegations of Paragraph 58 of the Complaint.

59. VANS denies the allegations of Paragraph 59 of the Complaint.

## FOURTH CLAIM FOR RELIEF

**(Federal Trademark Dilution in Violation of Lanham Act Section 43(c) 15 U.S.C. § 1125(c))**

60. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 59, above.

61. VANS denies the allegations of Paragraph 61 of the Complaint.

62. VANS denies the allegations of Paragraph 62 of the Complaint.

63. VANS denies the allegations of Paragraph 63 of the Complaint.

64. VANS denies the allegations of Paragraph 64 of the Complaint.

65. VANS denies the allegations of Paragraph 65 of the Complaint.

## FIFTH CLAIM FOR RELIEF

**(Dilution in Violation of California Business & Professions Code Section 14330, *et seq.*)**

66. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 65, above.

67. VANS denies the allegations of Paragraph 67 of the Complaint.

68. VANS denies the allegations of Paragraph 68 of the Complaint.

69. VANS denies the allegations of Paragraph 69 of the Complaint.

70. VANS denies the allegations of Paragraph 70 of the Complaint.

## SIXTH CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business & Professions Code Section 17200, *et seq.*)**

71. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 70, above.

72. VANS denies the allegations of Paragraph 72 of the Complaint.

73. VANS denies the allegations of Paragraph 73 of the Complaint.

74. VANS denies the allegations of Paragraph 74 of the Complaint.

75. VANS denies the allegations of Paragraph 75 of the Complaint.

76. VANS denies the allegations of Paragraph 76 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

77. VANS incorporates by reference, as if fully set forth herein, Paragraphs 1 through 76, above.

78. VANS denies the allegations of Paragraph 78 of the Complaint.

79. VANS denies the allegations of Paragraph 79 of the Complaint.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, VANS alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

AIRWAIR's Complaint fails to state any claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction)**

AIRWAIR's claims are invalid because, inter alia, the manufacturing and sale of the accused footwear occurred lawfully in Asia, did not violate any trademark rights of AIRWAIR in the subject jurisdictions (which AIRWAIR applied for and were rejected), did not cause and is not likely to cause any confusion as to source, sponsorship or affiliation among an appreciable number of U.S. consumers, did not cause and is not likely to cause any loss of distinctiveness of any valid U.S. trademark owned by AIRWAIR, has not and will not present a sufficiently great effect on US foreign commerce to present a cognizable injury to AIRWAIR in the United States, and the interests of and links to U.S. foreign commerce are not sufficiently strong in relation to those other nations to justify an assertion of extraterritorial authority.

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity Of '751 Registration)**

United States Trademark Registration No. 2,437,751 ("the '751 Registration") is invalid and subject to cancellation because, inter alia, the use of yellow stitching in the welt area and a two-tone grooved solve edge on *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**FOURTH AFFIRMATIVE DEFENSE**

**(Invalidity Of '750 Registration)**

United States Trademark Registration No. 2,437,750 ("the '750 Registration") is invalid and subject to cancellation because, inter alia, the use of a yellow welt stitch located around the perimeter of *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**FIFTH AFFIRMATIVE DEFENSE**

**(Invalidity Of '468 Registration)**

United States Trademark Registration No. 2,102,468 ("the '468 Registration") is invalid and subject to cancellation because, inter alia, the use of the undersole design shown in the registration for *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**SIXTH AFFIRMATIVE DEFENSE**

**(Invalidity Of '349 Registration)**

United States Trademark Registration No. 2,104,349 ("the '349 Registration") is invalid and subject to cancellation because, inter alia, the use of a sole edge with longitudinal ribbing and a dark color band over a light color on *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unenforceability Of '349 Registration)**

The '349 Registration is an unenforceable trademark because, inter alia, it is a Supplemental Registration of a product configuration that has not acquired secondary meaning for AIRWAIR.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Invalidity Of '976 Registration)**

United States Trademark Registration No. 2,341,976 ("the '976 Registration") is invalid and subject to cancellation because, inter alia, the use of an outer sole edge with longitudinal ribbing and a dark color band over a light color, welt stitching, and a tab at the top back heel of *any* style of footwear is generic, commonly used by third parties, and has never functioned, or has been abandoned, as a source identifier for AIRWAIR.

**NINTH AFFIRMATIVE DEFENSE**

**(Unenforceability Of '976 Registration)**

The '976 Registration is an unenforceable trademark because, inter alia, it is a Supplemental Registration of a product configuration that has not acquired secondary meaning for AIRWAIR.

### TENTH AFFIRMATIVE DEFENSE

### (No Infringement)

The accused footwear does not infringe any valid and enforceable registered or unregistered United States trademark or trade dress owned by AIRWAIR because, inter alia, it is not a combat style boot, does not have a two-tone outer sole edge, has a different under-sole pattern, is clearly marked with the VANS trademark on the tongue, tab and heal, and was only advertised and sold by Vans and its licensee under the VANS trademark at brick-and-mortar stores located in Asia, and over the Internet for delivery in Asia only, and there was no actual confusion or any likelihood of confusion by an appreciable number of U.S. consumers regarding the source, sponsorship or affiliation between the parties' products.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Dilution)

The accused footwear does not dilute any valid and enforceable registered or unregistered United States trademark or trade dress owned by AIRWAIR because, inter alia, AIRWAIR's Eclectic style footwear is not famous, and the accused footwear is not a combat style boot, does not have a two-tone outer sole edge, has a different under-sole pattern, is clearly marked with the VANS trademark on the tongue, tab and heal, and was only advertised and sold by Vans and its licensee under the VANS trademark at brick-and-mortar stores located in Asia, and over the Internet for delivery in Asia only, and there was no actual loss of distinctiveness or any likely loss of distinctiveness of any allegedly famous mark owned by AIRWAIR in the United States.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

AIRWAIR has not been and will not be irreparably harmed by the manufacture and sale of the accused footwear in Asia and therefore is not entitled to injunctive relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Damages)

AIRWAIR has not been and will not be harmed by the manufacture and sale of the accused footwear in Asia and therefore is not entitled to damages.

ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. C 12-5060 EJD

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

AIRWAIR's Complaint fails to join an indispensable party as a defendant, namely the licensee responsible for the design, manufacture and sale of the accused footwear in Asia.

### PRAYER FOR RELIEF

WHEREFORE, VANS denies that AIRWAIR is entitled to any of the relief sought in the Complaint and VANS requests that:

1. Judgment be entered for VANS and against AIRWAIR on all claims asserted in the Complaint;

2. AIRWAIR takes nothing by way of its complaint;

3. The Court order the Director of the United States Patent and Trademark Office to cancel the '751, '750, '468, '657, '976, and '349 Registrations;

4. The Court award VANS its attorneys' fees and costs incurred in defending this action; and

5. The Court award such other relief as it deems appropriate.

### JURY DEMAND

VANS requests a trial by jury.

DATED: July 31, 2013

                    REED SMITH LLP

                    By: /s/ Dominique H. Pietz
                        Robert N. Phillips
                        Dominique H. Pietz
                        Attorneys for Defendant
                        VANS, INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 1901 Avenue of the Stars, Suite 700, Los Angeles, California 90067-6078. On July 31, 2013, I served the following document(s) by the method indicated below:

**ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL**

☐   by transmitting via facsimile on this date from fax number +1 310 734 5299 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☑   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐   by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

☐   by transmitting via email to the parties at the email addresses listed below:

Anne Hiaring Hocking
Hiaring Smith LLP
101 Lucas Valley Road, Suite 300
San Rafael, CA 94903

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on July 31, 2013, at Los Angeles, California.

_____
Liz King