Robert N. Phillips (SBN 120970)
Email:  robphillips@reedsmith.com
Dominique H. Pietz (SBN 260716)
Email:  dpietz@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendant
VANS, INC.

Vijay K. Toke (SBN 215079)
Email: vijay@hiaringsmith.com
Anne Hiaring Hocking (SBN 88639)
Email: anne@ hiaringsmith.com
Elizabeth J. Rest (SBN 244756)
Email: Elizabeth@hiaringsmith.com
HIARING + SMITH LLP
101 Lucas Valley Road, Suite 300
San Rafael, CA 94903
Telephone: +1 415 457 2040
Facsimile:  +1 415 457 2822

Kenneth E. Keller, Cal. Bar No. 71450
Email:  kkeller@ksrh.com
Anne E. Kearns, Cal. Bar No. 183336
Email:  akearns@ksrh.com
KELLER, SLOAN, ROMAN & HOLLAND LLP
555 Montgomery Street, 17th Floor
San Francisco, California 94111
Telephone:  +1 415 249-8330
Fax:  +1 415 249-8333

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD, a United Kingdom corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VANS, INC., a Delaware corporation; DOES 1- | No.: C 12-5060 EJD<br><br>**JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT**<br><br>Date:  November 22, 2013<br>Time: 11:00 a.m.<br>Place: San Jose Courthouse, |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| | | |
|---|---|---|
| 1 | 100, inclusive, | Courtroom 4 - 5th Floor<br>280 South 1st Street |
| 2 | Defendants. | San Jose, CA 95113 |
| 3 | | Compl. Filed: September 28, 2012<br>Trial Date: None |
| 4 | | Disc. Cut-Off: December 31, 2013 |
| 5 | | Hon. Edward J. Davila |

Plaintiff AIRWAIR INTERNATIONAL LTD., a United Kingdom corporation ("AirWair" or "Plaintiff") and Defendant VANS, INC., a Delaware corporation ("Vans" or "Defendant") file this Joint Preliminary Pretrial Conference Statement pursuant to this Court's (1) February 4, 2013, Case Management Order, and (2) Standing Order Re: Preliminary and Final Pretrial Conferences and Trial Preparation in Civil Cases, in advance of the parties' Preliminary Pretrial Conference, which takes place on November 22, 2013, at 11 a.m.

**A.   JURISDICTION**

AirWair contends that this Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and the Lanham Act (15 U.S.C. § 1121), in that this case arises under the trademark laws of the United States. AirWair further contends that jurisdiction also arises for the state law claims herein under 28 U.S.C. Section 1367(a) pursuant to the principles of supplemental jurisdiction. Defendant Vans denies that subject matter jurisdiction exists for any of Plaintiff's claims, and filed a motion to dismiss to this end, which this Court denied on July 17, 2013. Vans may renew this challenge on a motion for summary judgment. AirWair understands that Vans may file such a motion, but believes that subject matter jurisdiction is proper in this case, consistent with the Court's previous ruling denying Vans's motion to dismiss. Vans, however, does not contest either personal jurisdiction or venue before this Court. At this time, all parties have been served and Plaintiff AirWair does not anticipate naming or serving any additional parties unless additional facts learned in discovery reveal additional parties or reasons to add another party (whether currently known or unknown) into the litigation.

**B.   SUBSTANCE OF THE ACTION**

**1. The Parties**

Plaintiff AirWair is a wholly-owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens footwear. AirWair and its parent company, R. Griggs Group Ltd., are companies organized under the laws of England and Wales, with a principal place of business located in the United Kingdom. Defendant Vans is a Delaware corporation with its principal place of business in Cypress, California. Vans markets, distributes and sells footwear and clothing throughout the United States and in other countries

**2. Statement of Facts and Factual Issues in Dispute**

Plaintiff AirWair contends that sometime in 2011 it became aware of shoes being sold under the VANS trademark in Japan that AirWair alleges illegally incorporated protected trade dress of AirWair, which trade dress has been registered in the United States with the United States Patent and Trademark Office ("USPTO"), and which is allegedly confusingly similar to AirWair's Eclectic line of shoes. The VANS-branded footwear at issue in this case is a line of footwear called the "Gibson," which includes various shoe and boot models (the "accused shoes"). AirWair contends that the accused shoes were sold through the www.vansjapan.com-website, and that such website is owned by and registered to Defendant Vans in the United States. The accused shoes were also featured in articles by at least two American blogs and publications aimed at American consumers. In January, 2012, AirWair discovered that there were 11,000 pairs of the accused shoes remaining in inventory, and that Defendant's licensee was continuing to sell the accused shoes. AirWair requested that Vans immediately stop selling the accused shoes and to either destroy or return to AirWair the remaining inventory of the accused shoes. AirWair contends that Vans had the right under the license with the licensees to review and approve designs of footwear to be sold by its licensee, which right subjects it to liability for the sales of infringing footwear. AirWair contents that Vans then ratified its licensee's sales of the infringing footwear by failing to force the licensee to stop selling the footwear upon its indication that it intended to continue to sell the footwear at a discount to "friends and family." AirWair now understands that the licensee instead simply continued selling the infringing footwear, which AirWair contends Vans either knew or should have known about. AirWair was able to purchase two pairs of the infringing shoes over the Internet from third-party resellers in July, 2012 and in July of 2012, and filed the within suit for infringement against Vans. AirWair contends that an appreciable number of the shoes were purchased by American consumers, thereby having a substantial effect on U.S. commerce, and damaging AirWair. AirWair also contends that Vans's failure to induce the cessation of sales of the accused shoes, over AirWair's protest, further implicates US commerce.

Vans contends that the accused shoes, known as Vans Gibson shoes, were designed and manufactured by Vans' licensee for sale in Asia, and were clearly identified as VANS brand shoes.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 Vans further contends that the Vans Gibson shoes were lawful and did not infringe any trademark
2 rights of AirWair in the Asian countries where they were being sold or in the United States. Vans
3 denies that the sale of the Vans Gibson shoes in retail stores in Asia and over a Japanese website
4 operated and controlled by Vans' Asia licensee (not Vans' itself) (1) had a substantial effect on
5 commerce in the United States, (2) caused any likelihood of confusion between the Vans and Dr.
6 Martens brands, (3) caused any likelihood of dilution of the Dr. Martens brand, or (4) caused any
7 actual damages to AirWair. Vans also contends it cannot be held liable for the actions of its
8 licensee.

### 3. Description of Relief Sought

Plaintiff AirWair seeks damages in an amount to be proven at trial and injunctive relief prohibiting the sale of products incorporating the trade dress of AirWair worldwide.

### C. LEGAL ISSUES

The disputed points of law are as follows:

a) Whether AirWair has protectable trade dress that can be enforced against Vans;

b) Whether the Lanham Act may be applied extraterritorially in this case;

c) Whether the accused shoes infringe AirWair's trade dress (*i.e.*, whether there is a likelihood of confusion between AirWair's trade dress and that used on the accused shoes), either under 15 U.S.C. Section 1125, 15 U.S.C. Section 1114, and/or the common law;

d) Whether Vans is subject to liability as a result of its right to review and approve its licensee's footwear designs;

e) Whether Vans ratified/authorized its licensee's continued sales of the infringing footwear after receiving AirWair's cease and desist letter;

f) Whether Vans is liable as a direct, contributing, or vicarious infringer under the referenced code sections and common law;

g) Whether AirWair is entitled to damages for any such infringement and, if so, for what amount;

h) Whether AirWair is entitled to injunctive relief for such infringement and, if so, in what form;

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

i) Whether the accused shoes dilute AirWair's trade dress under 15 U.S.C. Section 1125 or under California State law (Cal. Bus. & Prof. Code Section 14202 and 14247);

j) Whether Vans is liable for dilution of AirWair's trade dress under a direct, contributory, or vicarious theory under the referenced code sections;

k) Whether AirWair is entitled to damages for any such dilution and, if so, for what amount;

l) Whether AirWair is entitled to injunctive relief for such dilution and, if so, in what form;

m) Whether Vans is liable for unfair business practices under California Bus. & Prof. Code Section 17200 and/or under the common law;

n) Whether AirWair is entitled to damages for any such unfair business practices and, if so, for what amount under the referenced code section or common law; and

o) Whether AirWair is entitled to injunctive relief for such unfair business practices and, if so, in what form under the referenced code section or common law.

**D.  MOTIONS**

Vans filed a motion to dismiss, which this Court denied on July 17, 2013. Vans also anticipates that it may file a motion for summary judgment on the issues of no likelihood of confusion, no damages, and/or no subject matter jurisdiction. AirWair understands Vans may file such a motion, but believes that subject matter jurisdiction is proper in this case, consistent with the Court's previous ruling on Vans's motion to dismiss. The parties believe there may be discovery disputes requiring law and motion.

**E.  DISCOVERY**

On January 25, 2013, Defendant Vans propounded one set of Request for Admissions, one set of Request for Production of Documents, and one set of Interrogatories, which Plaintiff AirWair responded to on October 15, 2013. Plaintiff AirWair propounded one set of Requests for Production of Documents and one set of Interrogatories on August 19, 2013, which Defendant Vans responded to on October 18, 2013. The parties anticipate that they will need additional time to complete discovery in this matter, due to the delay caused by the parties' awaiting the Court's ruling on Vans Motion to Dismiss and numerous settlement discussions between the parties. In addition, because this litigation implicates evidence that may be overseas, necessitating international discovery,

additional time will be required to complete discovery. The parties therefore jointly request the Court to extend the current discovery cut-off of December 31, 2013 to May 31, 2013.

**F.    SETTLEMENT AND ADR**

The parties continue to engage in settlement negotiations but have not come to an agreement. The parties are presently scheduled to appear before mediator Peter Harvey on December 13, 2013.

**G.    BIFURCATION AND SEPARATE TRIAL OF ISSUES**

The parties do not believe that bifurcation or a separate trial of issues is necessary in this matter at this time.

**H.    TRIAL**

The parties request a jury trial, which the parties expect will run six to eight court days. The parties anticipate that they will need additional time to complete discovery in this matter, and prepare for trial, as delineated in section I, below, in order to fully and completely prepare for trial.

**I.    SCHEDULING**

The parties propose the following revisions to the Case Management Schedule:

(a) Discovery Cut-Off:

　　　Current Date: December 31, 2013

　　　Proposed Date: May 31, 2014

(b) Designation of Opening Experts with Reports

　　　Current Date: January 30, 2014

　　　Proposed Date: June 30, 2014

(b) Designation of Rebuttal Experts with Reports

　　　Current Date: February 20, 2014

　　　Proposed Date: July 20, 2014

(b) Expert Discovery Cut Off

　　　Current Date: February 27, 2014

　　　Proposed Date: July 27, 2014

(b) Deadline(s) for Filing Discovery Motions

　　　Current Date: March 3, 2014

Proposed Date: August 3, 2014

**J. OTHER MATTERS**

The parties do not believe there are any additional matters that need to be brought to the Court's attention at this time.

DATED: November 8, 2013

        REED SMITH LLP

        By: /s/ Dominique H. Pietz
            Robert N. Phillips
            Dominique H. Pietz
            Attorneys for Defendant
            VANS, INC.

DATED: November 8, 2013

        HIARING + SMITH LLP

        By: /s/ Vijay K. Toke
            Vijay K. Toke
            Anne Hiaring Hocking
            Elizabeth J. Rest

        KELLER, SLOAN, ROMAN & HOLLAND LLP

        By: /s/ Kenneth E. Keller
            Kenneth E. Keller
            Anne E. Kearns
            Attorneys for Plaintiff
            AIRWAIR INTERNATIONAL LTD.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# **ATTESTATION**

I, Dominique H. Pietz, am the ECF User whose identification and password are being used to file this **JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT**. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

DATED: November 8, 2013

REED SMITH LLP

By: /s/ Dominique H. Pietz
    Dominique H. Pietz
    Attorneys for Defendant
    VANS, INC.